UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE BRADLEY, JR.,

        Petitioner,               Case Number 24-11065
                                                        Honorable David M. Lawson

v.

PAUL SCHREIBER,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jimmie Lee Bradley, Jr. pleaded *nolo contendere* to two counts of armed robbery in a Michigan court and was sentenced in 2013 to at least 10 years in prison. He did not appeal his conviction or sentence. According to state records, he presently is on parole. Bradley has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging those convictions. He also filed a habeas corpus petition in a Michigan circuit court, which remains pending. Before a state prisoner may petition a federal court for habeas corpus relief, he must present his claims to the state courts and obtain a ruling. That is known as the rule of exhaustion of state court remedies. Because Bradley has not exhausted his claims, his federal petition will be dismissed.

I.

On November 19, 2013, Bradley pleaded no contest to two counts of armed robbery in the Oakland County, Michigan circuit court. On December 10, 2013, the trial court sentenced the petitioner as a fourth habitual offender to concurrent terms of 10 to 40 years in prison. It does not appear that the petitioner appealed his conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court, nor did he file a motion for relief from judgment in the state court. *See* Register of Actions, Oakland Co. Cir. Ct. Case No., 2013-245082-FC,

https://courtexplorer.oakgov.com/OaklandCounty/SearchCases/ViewAction?CaseNo=fT95SjYXz0gkQfJPZsDkTw%3D%3D (last accessed May 28, 2025). It appears that Bradley has been released from prison but presently he is on parole. *See* Offender Profile, Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=199540.

Bradley filed the present habeas corpus petition in this Court without the assistance of a lawyer on April 17, 2024. He argues that his convictions and sentence are unlawful because (1) the trial court lacked subject matter jurisdiction over his criminal case and (2) there was fraud upon the court resulting from the lack of jurisdiction and deficient arrest warrant and complaint. It further appears from the documents attached to the petition that Bradley filed a state petition for a writ of habeas corpus in the Livingston County, Michigan circuit court raising the same claims. ECF No. 1, PageID.22. That petition was pending when Bradley filed the present action. It appears that the petition may have been denied in July 2024, but there is no indication in the stat court records that Bradley appealed that decision.

II.

When a prisoner files a petition for habeas corpus, the Court must undertake a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration of the petition and including any annexed exhibits, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4, Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that a district court has

the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state court remedies. 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion doctrine requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845, 847. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987)); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that his state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

Bradley has not carried that burden here. He has not alleged, nor does it appear from the state court records, that he filed a direct appeal in the Michigan Court of Appeals or the Michigan Supreme Court. He must exhaust his state court remedies on his claims as long as there still is a state-court procedure available for him to do so. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). And he apparently has availed himself of that opportunity; the documents attached to the petition show that Bradley has a habeas petition pending in state court concerning the same claims raised in the present petition. He must obtain a ruling on that petition and, if dissatisfied, pursue his remedies through all levels of Michigan's appellate court system. *Wagner*, 581 F.3d at 414. Only then may a federal court consider his arguments.

When a state prisoner files a habeas petition that included both unexhausted and exhausted claims (a "mixed petition"), district courts generally will dismiss the petition without prejudice, meaning that the petitioner can try again after deleting the unexhausted claims or returning to state court to exhaust them. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Sometimes a habeas corpus petition may be held in abeyance while the petitioner returns to state court. For instance, when a habeas petition raising both exhausted and unexhausted claims is filed here, we sometimes hold that petition in abeyance while the prisoner completes his tasks in the state courts on the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). But here, a stay is neither necessary nor appropriate. Bradley has not requested a stay, and he has not asserted that his circumstances justify one. Courts do not stay habeas petitions where all of the claims are unexhausted. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that *Rhines*'s stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice.").

III.

The petitioner has not exhausted his sate court remedies on any of the claims presented in his petition for a writ of habeas corpus, nor has he given any reason for failing to do so. It appears that he is pursuing a state court remedy but has not finished that process by obtaining a ruling and completing the appellate process.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  May 29, 2025